ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Tele-Consultants, Inc. | ) ASBCA No. 58129 |
| | ) |
| Under Contract No. 000000-00-0-0000 | ) |

APPEARANCES FOR THE APPELLANT:    Thomas O. Mason, Esq.
    Francis E. Purcell, Jr., Esq.
      Cooley LLP
      Washington, DC

APPEARANCES FOR THE GOVERNMENT:    Ronald J. Borro, Esq.
      Navy Chief Trial Attorney
    Ellen M. Evans, Esq.
      Senior Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE MELNICK
## ON APPELLANT'S MOTION TO DISMISS

Tele-Consultants, Inc., (TCI) seeks dismissal of its appeal without prejudice under Board Rule 30, claiming it lacks the resources to pursue the appeal and wishes to seek relief from Congress. The government opposes dismissal. We deny the motion.

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

On 15 June 2010, the Department of the Navy awarded to Advanced Solutions for Tomorrow, Inc., (ASFT) Contract No. N00178-04-D-4003-N408 for various technical tasks (compl., preamble, ¶ 4). On 1 October 2010, ASFT awarded a subcontract to TCI (compl. ¶ 7). ASFT subsequently directed TCI to stop work after the Navy suspended ASFT's performance (compl. ¶ 8). TCI ultimately submitted a certified claim to the contracting officer on 19 December 2011 for $282,302, which was denied on 15 February 2012 (compl. ¶ 17). TCI appealed to the Board on 11 May 2012. Originally, TCI's complaint contended that ASFT acted as a purchasing agent to bind the government to TCI. Later, TCI argued it had entered its own implied-in-fact contract with the government.

In response to TCI's appeal, the government moved to dismiss for lack of jurisdiction, contending that to establish jurisdiction TCI had to prove it had entered into an implied-in-fact contract with the government. Our 4 February 2013 decision denied the government's motion. *Tele-Consultants, Inc.*, ASBCA No. 58129, 13 BCA ¶ 35,234. We held that, under *Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1353-55 (Fed. Cir. 2011),

a claimant only needs to allege the existence of a contract with the government to establish jurisdiction; it need not prove it. Proof of the contract's formation and breach relates to the merits of the appeal.

Recently, the government has moved for summary judgment, or in the alternative, to dismiss for failure to state a claim upon which relief can be granted. TCI has responded to that motion with one to dismiss without prejudice under Board Rule 30. It maintains it has insufficient resources to continue with the appeal, which it says is now made worse by the need to respond to the government's motion for summary judgment, and therefore is petitioning Congress for relief. It contends its resources are most efficiently directed right now outside this forum.

The government opposes TCI's motion. It claims it is entitled to "clarification" or "modification" of our earlier decision denying its motion to dismiss the appeal for lack of jurisdiction. (Gov't opp'n at 1) It also complains that it should not be subjected to potentially three years of pre-judgment interest due to delays caused entirely by TCI (gov't opp'n at 5, 6). Finally, it stresses that it is ready and able to defend the appeal now and that it should not have to face the risks associated with the passage of time that is sought by TCI.[1]

DECISION

Board Rule 30 addresses the suspension and dismissal of appeals without prejudice. "Where the suspension has continued, or may continue, for an inordinate length of time, the Board may, in its discretion, dismiss such appeals from its docket without prejudice to their restoration when the cause of suspension has been removed." If the appeal is not reinstated within three years, the dismissal is deemed with prejudice.

Here, TCI seeks a Board Rule 30 dismissal because it claims to lack the financial resources to continue litigating the appeal and wishes instead to pursue a petition for relief in Congress. A Board Rule 30 dismissal is discretionary upon the Board. *Gov't Technical Servs., LLC*, ASBCA No. 57744, 13 BCA ¶ 35,345. TCI has not presented any evidence showing that its efforts at obtaining relief from Congress have progressed in any way or have any chance at success. Thus, it has failed to provide any

---

[1] The government's opposition requests the Chairman of the Board to "deny appellant's request to withdraw this appeal without prejudice and refer this case for a decision on its pending dispositive motions by the Senior Deciding Group" (gov't opp'n at 2). Nothing in the Board's rules contemplates the Chairman acting personally on an appellant's Board Rule 30 motion to dismiss. Accordingly, it is being decided by this panel. The government's request that its dispositive motions be ruled upon by the Senior Deciding Group will receive consideration upon completion of their briefing.

reason to conclude that if the appeal is dismissed now TCI will not seek to reinstate it later, assuming TCI is financially able to do so. The government persuasively observes that the passage of time exposes it to more potential pre-judgment interest, risks dulling the memories of its witnesses, and increases the chances they will become unavailable. TCI chose to file this appeal and must either timely litigate it or become subject to dismissal for failure to prosecute. It does not have the right to require the government to wait while it pursues other avenues of relief. Nor is the fact that the appeal presents a litigation expense a basis for a Board Rule 30 dismissal. *E. Huttenbauer & Son, Inc.*, ASBCA No. 48290 *et al.*, 97-2 BCA ¶ 29,104.

## CONCLUSION

TCI's motion to dismiss without prejudice under Board Rule 30 is denied.

TCI has 30 days to respond to the government's motion for summary judgment or to dismiss for failure to state a claim.

Dated: 9 June 2014

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

3

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58129, Appeal of Tele-Consultants, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals